IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BLADIMIR RIASCOS ARBODELA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal No. 10-00179-CG-B-1 |
| v. ) | |
| ) | Civil Action No. 1:12-cv-648-CG-B |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

This matter is before the Court on the report and recommendation (Doc. 144) and Petitioner Bladimir Riascos Arbodela's ("Arbodela") objection thereto (Doc. 145). The Magistrate Judge recommended that Arbodela's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 115) be denied. After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a de novo determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.

## LEGAL ANALYSIS

Arbodela's objection fails to raise any issue not previously addressed in the Magistrate's Report and Recommendation. Rather, Arbodela merely rehashes and expands upon previously considered and rejected arguments in connection with his

§ 2255 claim.[1] The only noteworthy deviation from Arbodela's previous arguments is with regard to his assertion that his counsel was ineffective because she failed to present evidence of a polygraph examination that he had passed.

In order to prevail on an ineffective assistance of counsel claim, a defendant must establish (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors." Patel v. United States, 252 F. App'x 970, 972 (11th Cir. 2007)

Arbodela's allegations regarding the polygraph examination do not state his counsel's performance was deficient or prejudicial. The record reflects that Arbodela's counsel was not in possession of any polygraph results. (Doc. 119-2 at 2). Arbodela has not provided evidence that his passing of a polygraph would cause the government to dismiss the charges against him or that he even took a polygraph exam. Furthermore, it is well established in this circuit that polygraph examination results are generally inadmissible. See U.S. v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989); see also Pericles v. U.S., 2014 WL 2198514, * 5 (11th Cir. 2014) (finding that the defense attorney's performance was not deficient based on a failure

---

[1] Arbodela's objection reasserts the following arguments: (1) that his counsel misadvised him to accept the plea offer; (2) that his counsel did not ensure his family's participation in the witness protection program; and (3) that his counsel failed to inform him of the potential deportation consequences of his guilty plea. The Magistrate Judge fully addressed these arguments in her well reasoned Report and Recommendation. See Doc. 144. There is no need to repeat that analysis here.

2

to obtain polygraph result evidence that the attorney reasonably anticipated could not be used at trial).

Arbodela asserts that since he passed the polygraph exam, the indictment should be dismissed. However, Arbodela does not specifically allege that he is actually innocent of the charges to which he pled guilty. To the extent his allegations could be construed as a claim of actual innocence, such claim is subject to dismissal. McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013) (holding that a "freestanding claim of actual innocence" is not a valid legal claim). To the extent such claim is cognizable on collateral review, Arbodela's claim nonetheless fails on its merits. Any claim of actual innocence is barred by Arbodela's plea agreement and Federal Rule of Criminal Procedure 11 colloquy, during which he admitted his guilt and acknowledged there was adequate evidence to convict him of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. 139). Arbodela also acknowledged that no promises apart from the agreement had been made to him. Id. at 7. As there is no evidence that Arbodela's representations during the plea colloquy were untruthful or involuntary, any claim of actual innocence must be dismissed.

The court has considered Arbodela's arguments, and reviewed the Report and Recommendation of the Magistrate Judge. The court finds that the Magistrate Judge properly denied all § 2255 claims raised by Arbodela. The Magistrate Judge also properly rejected Arbodela's request for an evidentiary hearing.

## CONCLUSION

It is **ORDERED** that the motion to vacate, set aside or correct the sentence under 28. U.S.C. § 2255 (Doc. 115) filed by Bladimir Riascos Arbodela is hereby **DENIED**. It is also **ORDERED** that this action be dismissed, and that judgment be entered in favor of the Respondent, the United States of America, and against the Petitioner, Bladimir Riascos Arbodela. The court further finds that Arbodela is not entitled to issuance of a Certificate of Appealability, and, therefore, is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 2nd day of September, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE