IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BLADIMIR RIASCOS ARBODELA, )<br>a/k/a Wigberto Lebron Ortiz )<br>a/k/a Jose Luis Rivera Garcia, )<br>   Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   Respondent. ) | CIVIL ACTION NO. 12-00648-CG-B<br><br>CRIMINAL ACTION NO. 10-00179-CG-N |

## REPORT AND RECOMMENDATION

Bladimir Riascos Arbodela a/k/a Wigberto Lebron Ortiz a/k/a Johnny a/k/a Jose Luis Rivera Garcia ("Arbodela"), proceeding *pro se*, has filed a document dated March 3, 2015, styled "Motion under 28 U.S.C. § 455 to Strike and Dismiss the Supervision Conditions of Violation Pursuant to Mandatory Condition by Admitted to a Violation; and to be Eligible Under Section 212(c); Motion for Disposition under Rule 27-2, for the Court to Reconsider and Modify an Order to Dismiss Thirty-Three (33) Months Sentence that was Run Consecutively on a Violation of Supervision Condition" (Doc. 165[1]).[2] Having considered the motion, and liberally construing the allegations therein, the undersigned finds that it is, in substance, both a motion to vacate, amend, or set aside sentence brought under 28 U.S.C. § 2255 and a motion to enforce Arbodela's plea agreement. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) ("[F]ederal courts must look beyond the labels of

---

[1] All docket citations (Doc. __) herein refer to the docket of the above-styled criminal action.

[2] Arbodela has filed the same motion in SD ALA Criminal Action No. 1:04-cr-147-CG-N-1 (there, Doc. 100), where Arbodela is identified as "Jose Rivera Garcia a/k/a Johnny a/k/a Bladimir Riascos Arbodela."

motions filed by pro se inmates to interpret them under whatever statute would provide relief." (citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."))).

This matter has been referred to the undersigned Magistrate Judge for the holding of an evidentiary hearing, if necessary, and for entry of a report and recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and SD ALA LR 72.1(c). Upon consideration, and for the reasons stated herein, the undersigned will **RECOMMEND** that the March 3, 2015 motion (Doc. 165) be **DISMISSED without prejudice** for lack of jurisdiction to the extent it is a § 2255 motion, and that it be otherwise **DENIED**.

## I.     Background

Pursuant to a written plea agreement, Arbodela pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and was sentenced to 80 months imprisonment and 8 years of supervised release, with conditions. (*See* Doc. 103). No direct appeal was taken. On October 2, 2012 (the date Arbodela certified it was delivered to prison officials for mailing), Arbodela filed his first § 2255 motion (Doc. 115) challenging the judgment against him in the above-styled criminal action. On September 2, 2014, the Court, adopting the recommendation of the Magistrate Judge (with additional discussion) over

Arbodela's objections, denied Arbodela's first § 2255 motion, declined to issue a Certificate of Appealability, and issued judgment accordingly that same day. (Docs. 146, 147). Arbodela appealed the denial of his first § 2255 motion (*see* Doc. 148), but the Court of Appeals for the Eleventh Circuit also denied him a Certificate of Appealability on January 14, 2015. (Doc. 160).

On March 3, 2015 (the date Arbodela certifies it was delivered to prison officials for mailing), Arbodela filed the present motion (Doc. 165), which asserts that his trial counsel was ineffective under *Padilla v. Kentucky*, 559 U.S. 356 (2010), for failing to advise him of the deportation risk he faced in entering a plea of guilty and to take other measures to protect him against possible deportation. The motion also makes passing reference to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Finally, Arbodela requests that the Court order the Government, [ICE] "Senior Special Agent Melvin Howard and Group Supervisor Blaine C. Crum and U.S. Attorney Kenyen R. Brown and U.S. Assistant Attorney Gloria A. Bedwell … to grant Mr. Arbodela a S Non-immigrant Visa and Mr. [sic] Nancy Romero with an U Visa … because it was promised by Agent Melvin Howard and my Defense Counsel Mr. Latisha Colvin and Mr. Carlos A. Williams[,]" as "[t]hese Visas were promised to Mr. Arbodela and Ms. Romero before Mr. Arbodela accepted a guilty plea without knowing the government and his Defense Counsel failed to put this in the plea contract…" (Doc. 165 at 3).

## II. <u>Second or Successive § 2255 Motion</u>

Section 2255 motions filed after April 24, 1996, are governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.* ("AEDPA"). *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

> AEDPA dramatically limits successive attempts at habeas relief. If a § 2255 motion is deemed "successive," a court may consider it only if it complies with that section's gatekeeping provision, which provides:
>
>> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

*Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). *See also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("Only a single § 2255 motion is authorized and successive attempts at relief are limited…If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h)."). "[T]he bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so." *Boyd*, 754 F.3d at 1301 (citing *Stewart*, 646 F.3d at 859). Moreover, "second or successive

4

status only attaches to a judgment on the merits." *Id.* at 1302. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (citing *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Arbodela in fact raised claims under *Padilla*, *Frye*, and *Lafler* in his first § 2255 motion. This Court denied those claims on the merits, and the Eleventh Circuit declined to issue a Certificate of Appealability on any of those claims. (*See* Docs. 144, 146, 160). To the extent Arbodela asserts a claim under *Alleyne* in his present § 2255 motion, such a claim could have been raised in his earlier § 2255 but was not, and Arbodela has presented no legitimate excuse for doing so. Accordingly, Arbodela's present § 2255 motion (Doc. 165) is "second or successive" under § 2255(h). Because he has not obtained authorization from the Court of Appeals for the Eleventh Circuit to bring the motion, this Court lacks jurisdiction to consider it and must therefore **DISMISS**.

### III. Enforce Plea Agreement

Arbodela acknowledges that the alleged promise to grant him and Romero visas is not included in his plea agreement, and a review of the written plea agreement confirms this fact. (*See* Doc. 39-1 *SEALED*). The written plea agreement also makes clear that it "is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all parties." (*Id.* at 12). The written plea agreement is signed by Arbodela, representing that he has "read this Plea Agreement and

5

carefully reviewed every part of it with [his] attorney." (*Id.*). Additionally, under oath at his guilty plea colloquy, Arbodela testified that he had read and understood the written plea agreement, that there were no other agreements with the Government that were not included in the plea agreement, that no one had "made any other or different promises or assurances to [him] of any kind in an effort to induce [him] to plead guilty in this case[,]" and that no one had "attempted in any way to force [him] to plead guilty in this case." (Doc. 139 [Guilty Plea Hearing Trans.]).

Because " '[s]olemn declarations in open court carry a strong presumption of verity.' *Blackledge*[ *v. Allison*], 431 U.S. [63,] 74, 97 S. Ct. 1621[ (1977),]" when a defendant "ma[k]e[s] statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.' *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988) (per curiam)." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014). *Accord, e.g.*, *United States v. Gonzalez–Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true."); *United States v. Cardenas*, 230 F. App'x 933, 935 (11th Cir. 2007) (unpublished) ("We apply a 'strong presumption' that statements made by a defendant during his plea colloquy are true, *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994); therefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.' *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988)."). Arbodela has made no effort to explain why

6

his sworn testimony at his guilty plea colloquy is false. Thus, his claims that he was induced to plead guilty by promises from the Government that were not included in the written plea agreement ring hollow.

Even assuming that the Government did make verbal promises that Arbodela and Romero would be granted visas and not be deported, those promises are unenforceable. "[T]o enforce a promise made during plea negotiations, there must have been a valid, binding agreement in the first instance upon which the defendant relied in deciding to forego his constitutional rights and plead guilty. For an agreement to be valid and binding, the agent must possess actual authority to make the promise—either express authority or authority implied in or incidental to a grant of express authority." *San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996). "Congress placed the responsibility of enforcing the [Immigration and Nationality Act in the hands of the attorney general…" *Id.* at 1070. Thus, "the power to promise a criminal defendant during plea negotiations that he will not be deported is vested in the attorney general. For the United States attorney to promise a criminal defendant non-deportation, therefore, the attorney general must have delegated the power to him." *Id.* The law of this Circuit is clear that the Attorney General has not done so generally, *see id.* at 1069-72, and nothing in the record indicates that the Attorney General delegated such power in this case specifically. *See id.* at 1071 ("Absent a clear, explicit delegation of authority to U.S. Attorneys and AUSAs of the authority to promise non-deportation to criminal defendants, officials at the INS may initiate deportation proceedings against a

7

particular defendant without considering whether an AUSA or U.S. Attorney has promised the defendant non-deportation as part of a plea agreement."). Indeed, Arbodela's written plea agreement expressly states that it is "limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities." (Doc. 39-1 at 5).

Accordingly, Arbodela's motion to enforce his plea agreement (Doc. 165) is due to be **DENIED**.[3]

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** for Arbodela's § 2255 motion, *see supra*. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §

---

[3] Arbodela has also requested that the Attorney General and the Department of Justice investigate and hold a hearing on the immigration matters he has raised. To the extent he is requesting that this Court direct the Attorney General to act, even assuming that this Court has such authority, Arbodela has not demonstrated that the exercise of such authority is warranted. Moreover, this Court does not "have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including conspiracy to violate laws relating to controlled substances, of which Arbodela was convicted in this action. 8 U.S.C. § 1252(a)(2)(C). *See also Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004) ("It is well-established that [8 U.S.C. § 1252(a)(2)(C)] strips us of jurisdiction to review a final order of removal of (1) an alien (2) who is removable (3) because he committed a criminal offense enumerated in the statute." (quotation omitted)). Accordingly, to the extent Arbodela requests that this Court intervene in his immigration/removal proceedings, the undersigned **RECOMMENDS** that such relief be **DENIED**.

2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). The undersigned finds that reasonable jurists would not debate the propriety of dismissal of the motion as successive, nor that the motion does not state a valid claim of the denial of a constitutional right. Accordingly, Arbodela is not entitled to a Certificate of Appealability on any part of his § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation*

9

*adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011);[4] *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## V.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). "A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not frivolous." *Bethel v. Baldwin Cnty. Bd. of Educ.*, No. CA 06-0223-KD-C, 2008 WL 4628388, at *1 (S.D. Ala. Oct. 16, 2008) (citing *Coppedge v. United States*, 369 U.S. 438 (1962), and other cases).

> When deciding whether an appeal is frivolous, the district court first determines whether there is a "factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir.1991) (quoting *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976)). The Supreme Court itself has indicated that a claim is frivolous if the factual contentions supporting it are clearly baseless, or if it relies on an indisputably meritless legal theory. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*Id.* at *2. *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3);

---

[4] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

10

*see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).").

Having considered the matters raised by Arbodela, the undersigned **RECOMMENDS** the Court certify that any appeal by Arbodela of this matter would be without merit and therefore not taken in good faith and, accordingly, find that he is not entitled to appeal *in forma pauperis*.

### VI. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Arbodela's March 3, 2015 (Doc. 165) be **DISMISSED without prejudice** for lack of jurisdiction to the extent it is a § 2255 motion, and that it be otherwise **DENIED**.[5] It is further **RECOMMENDED** that Arbodela be found not entitled either to a certificate of appealability or to proceed *in forma pauperis* on appeal.[6]

---

[5] Arbodela has cited 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned[,]" or in certain other circumstances. Arbodela asserts that "Judge comments and apparent stance as to Mr. Arbodela seems improper and

11

## VII. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

---

clearly the appearance of improper behavior is exhibited." (Doc. 165 at 6). The undersigned finds no reason to disqualify herself from these proceedings under § 455 and **DENIES** Arbodela's request for same. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (per curiam) ("Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." (citation and quotations omitted)). To the extent Arbodela requests recusal under § 455 of the District Judge assigned to this case, the undersigned leaves that decision to the District Judge.

[6] In light of the issuance of this Report and Recommendation, the undersigned **RECOMMENDS** that Arbodela's "Motion Letter for Disposition" addressed to the District Judge (Doc. 170) be **DENIED as moot**.

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of August 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**